OPINION OF THE COURT — by
Chief Justice TURNER
On the one hand, it is but reasonable to suppose 'tíat the bill was left for acceptance-, but there is no proof of that fact. On the other, the order is receipted. On its face, it is like a check, payable to bearer.— When a man pays an order like this, he calls no witness; he asks no receipt. Then, if he should be sued by the payee, oight not the payee to produce something to incline the scale between tie two equities; the two presumptions?
The receipt is produced, to be sure; but it is dme by order of the court. The defendant held it as his voucher for paynent, and it was his duty to keep and preserve it, to protect himself agaiist the drawer of the bill, as well as against the payee.
As a question of law, there is no doubt on the subject. This decision does not conflict with those referred to. The caie in 2 Camp., 439, is not at variance with this. We entirely concur vith Lord Ellenborough, in theopinion he delivered in that case. The defendant had drawn bills on the plaintiff — accommodation bills; and, fro# the nature of the case, we are to presume that the parties were merchants, acquainted with the *408 law- merchant; and according to that law, the bills paid by the defendant to the payees, should have been receipted, and the receipts should have been proved, as well as the drawees hand writing to the bills, which was proved. But, in the case before us, the transaction is of a different character, and is Gne of ordinary cast among country people, in the style of the order “pay to J. A. W. $240, and this shall be your receipt, for so much paid on said judgment.”
Suppose Prosper King had moved against Cain, or sued him for this money,on the ground thathe had collected it of Chaney and uot paid it over — wouli this receipt in Cain’s hands, have been received as evidence-of payment? I should certainly think so, as much so as a check on a bank, payable to bearer, in the hands of the payee would be considered evidence thatihe check had been paid.
A check payable to order must be receipted, and the receipt proved, when it shall be called in question in a court of justice. This is the settled practice of the country, and it is supported by law and precedent.
According to the report of the judge who tried this cause, the plaintiff was indulged in calling his witness three several times to the stand. He was not hurried over much, and he has no reason to complain that he was not allowed to call a witness for examination, after the evidence had been gone through,the cause argued before the court and jury, and the judge’s charge delivered. I lad supposed that the practice .on this subject was well understood in this circuit at least, inasmuch as the point has been often decided.
Much is left to th? discretion of the judge who tries a cause; and there are many things hemay do, in the exercise of this discretion, which will not be subject to re-esamination in this court. The judge may, or may not allow a party to cdl a witness out of the usual time and order, without subjecting himself to ensure, or laying the ground of a writ of error.— And we know that this's sometimes done, to answer the ends of justice, to save time, to save the expense of new trials, &c., &c.; but still, it is discretionary with the presiling judge, as to the matter of practice.